IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jane Doe, et al.,<br><br>    Plaintiffs,<br><br>-vs-<br><br>The City of Mansfield, Ohio, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-02901<br><br>Judge: J. Philip Calabrese<br><br><br>Motion for Leave to File Redacted Copies of Certain Exhibits to Protect Information the Privacy of Which is the Subject of this Case And Quote Them in Redacted Form |

    Plaintiffs, by and through counsel and in accordance with the instructions issued by the Court in an email dated February 1, 2021, hereby move for leave to submit redacted versions of three deposition transcripts and three deposition exhibits in support of their Motion for Summary Judgment, and quote the redacted versions in their briefs. As instructed by the Court, the relevant portions of those transcripts and documents have been submitted via email to Chambers, with the proposed redactions brightly highlighted. The documents submitted are:

- Pages excerpted from the Deposition of Plaintiff Jane Doe;
- Pages excerpted from the Deposition of Defendant Freeman Nixon;
- Pages excerpted from the Deposition of Defendant David Remy, who was deposed both in his individual capacity and as the Rule 30(b()(6) deponent for Defendant the City of Mansfield, Ohio;
- Excerpts from Garrity statements made by certain Mansfield Police Officers;
- Defendant Freeman Nixon's Answers to Interrogatories, and;
- A polygraph examination report containing private information about Plaintiff Jane Doe, the release and dissemination of which is the basis for this litigation.

    The bases upon which the Plaintiffs move for leave to file redacted versions of these documents are as follows.

In December 2018, Defendant Freeman Nixon submitted a public records request to the City of Mansfield to obtain the personnel file of Plaintiff Jane Doe, a city employee and one of his supervisors. Defendant Remy, who was then Mansfield's Human Resources Director, reviewed that request and Ms. Doe's personnel file before providing copies of its contents to Mr. Nixon.

Among the documents disclosed was the record of a polygraph examination conducted by the Ohio Highway Patrol in April 2001. That document contained a brief but candid description of certain acts Ms. Doe was compelled to commit as the victim of sexual abuse between the ages of seven and eighteen. The terse description does not mention the context in which the acts occurred.

The Sixth Circuit has recognized a narrow privacy right to non-disclosure, by state actors, of information that is of "a sexual, personal, and humiliating nature." *Lee v. City of Columbus*, 636 F.3d 245, 260 (6th Cir. 2011) (quoting *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) and citing *Bloch v. Riber*, 156 F.3d 673, 683 (6th Cir.1998)). The federal question presented in this case is whether the disclosure of the polygraph report violated a substantive due process right to privacy, which includes the non-disclosure of certain intimate information contained in government records.

This motion is entwined with the central questioned presented on the merits: whether Jane Doe has cognizable privacy interest in the non-disclosure of the sexually intimate information contained in the polygraph report. Plaintiffs contend that she does, under the plain meaning of both *Bloch* and *Lambert*, quoted above. But any such right to privacy would be meaningless if, in order to obtain redress for its violation, the Plaintiff were compelled to disclose her identity and spread upon the public record the very information the release of which violated her privacy. This Court has spared her from that conundrum, entering Orders permitting her to proceed under a pseudonym (Order, January 7, 2020) and granting Defendants Remy and the City leave to file the polygraph report under seal (ECF No. 24) as an exhibit to their Motion to Dismiss.

Documents submitted as evidence in this Court are presumed to be accessible to the public, and a party seeking to seal or redact portions of those documents must demonstrate with specificity that disclosure of the information in question "will work a clearly defined and serious injury," *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 307 (6th Cir. 2016) (quoting *Goldstein v. Forbes (In re Cendant Corp*.), 260 F.3d 183, 194 (3d Cir.2001)). In "'civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)' is typically enough to overcome the presumption of access." S*hane Grp*., 825 F.3d at 308 (quoting *Baxter Internatl., Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002)).[1]

The identity of child victims of sexual abuse is thus a paradigmatic example of information that may be redacted, it is precisely the information at issue here. The identities of such victims are statutorily protected from general disclosure under Ohio public records law.[1]

Permitting the redactions requested in this case will not undermine the public interest in an open judiciary. The abuser behind the acts described in the polygraph report is not a party to this action, nor is the abuse itself. Redacting the ugly details of that abuse will not conceal corruption or mask impropriety. *See Shane Grp*., 825 F.3d at 305. Nor will it conceal from the public the bases upon which the Court may reach its decisions – the fact that the information disclosed involved the sexual abuse of a minor and that their disclosure would be humiliating, and not the particulars of the acts in question, are sufficient to support a privacy interest under *Bloch* and *Lambert*.

---

[1]Information gathered and created pursuant to the state's mandatory child abuse reporting statute are exempt from disclosure as public records under Ohio Rev. Code § 2151.421(H). *State ex rel. Beacon Journal Publishing Co. v. City of Akron*, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 48 This at "the very least, this would include identifying information concerning the abused children and their parents."*State ex rel. White v. Watson*, 8th Dist. Cuyahoga No. 86737, 2006-Ohio-5234, ¶ 5.

The proposed redactions seek to excise from the documents to be filed **only** two sorts of information: Jane Doe's real name, and the precise description of the sexual acts she experienced as a child. In short, they seek to shield Jane Doe from being named in connection with sexually abusive acts she suffered as a minor, the nature of which is evident from the documents submitted.

And the proposed redactions do so narrowly, excising only her name, her rank (from which her name might be inferred), and descriptions of the sexual acts that either directly – or by easy inference – would publicize the details of that abuse. Counsel has taken care to review every page and line of the documents submitted, and has proposed redacting at most three lines of text in one instance, and in most other places only a few words or phrases.

These limited redactions would spare Jane Doe from further disclosure of information that is self-evidently of "a sexual, personal, and humiliating nature," a right the Sixth Circuit has expressly recognized. Her interest in the non-disclosure of that information is not diminished because the events occurred when she was a child, and at least one District Court in this circuit has recognized that the privacy interests implicated by childhood abuse justify sealing adult treatment records related to that abuse. *See: Elliott v. Genovese*, No. 3:17-cv-00250, 2019 U.S. Dist. LEXIS 4063, at *10 ( M.D.Tenn., Jan. 9, 2019).[2]

For these reasons, Plaintiffs respectfully move for leave to file, as exhibits, redacted versions of the documents previously submitted for *in camera* inspection, and to allow them to quote as redacted portions of those documents in their briefs.

---

[2]The Supreme Court drew a connection between the privacy interest at issue in this case – the non-disclosure of intimate information – and the persistent harms of childhood abuse, albeit in the context of child pornography. Citing *Whelan v. Roe*, 429 U.S. 589, 599 (1977), the Court in *Ferber v. New York*, 458 U.S. 747 (1982) observed that a particular harm of child pornography was that it memorialized the abuse of children, making the lifelong emotional impact of such abuse more acute because it might always surface. *Id*., at 759 and n.10 (additional citations omitted).

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

Raymond V. Vasvari, Jr. (0055538)
 vasvari@vasvarilaw.com
K. Ann Zimmerman (0059486)
 zimmerman@vasvarilaw.com
Vasvari | Zimmerman
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122
Telephone 216.458.5880
Telecopier 216.302.3700

Counsel for the Plaintiffs

### – Certificate of Service –

The foregoing Motion for Leave to File Redacted Copies of Certain Exhibits to Protect Information the Privacy of Which is the Subject of this Case And Quote Them in Redacted Form was filed today, February 12, 2021, via the Court's Electronic Filing System. Copies may be obtained through and will be served on counsel of record by the CM / ECF System.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

Raymond V. Vasvari, Jr. (0055538)
 vasvari@vasvarilaw.com
K. Ann Zimmerman (0059486)
 zimmerman@vasvarilaw.com
Vasvari | Zimmerman
20600 Chagrin Boulevard
Suite 800 Tower East
Shaker Heights, Ohio 44122
Telephone 216.458.5880
Telecopier 216.302.3700

Counsel for the Plaintiffs